William C. Hecht, Jr., J.
Defendant Moscow moves pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice for a dismissal of the second amended complaint. In dismissing the first amended complaint the court held (23 Mise 2d 968): “While plaintiff’s compensation is stated in' terms of profit sharing, there is nevertheless involved a simple contract resulting in a simple obligation to pay a sum of money. * * * Nor is there any basis sufficient to impose an obligation in equity to account. * * * If plaintiff can plead a cause or causes of action without seeking the enforcement of an unenforcible agreement, he may serve an amended complaint ’ ’.
Plaintiff was a passenger on the Andrea Doria which was involved in a collision with the ocean liner Stockholm. Plaintiff claims to have attained a unique stature with reference thereto by reason of performance of conspicuous and heroic exploits achieving a substantial measure of fame and possessing unique information and data concerning the event.
It is alleged in the first cause of action in the second amended complaint that shortly after the collision and in the month of *970 August, 1956, the defendant Moscow, with knowledge of plaintiff’s unique position in relation to the disaster, sought plaintiff’s favor with the intention of acquiring plaintiff’s fund of knowledge and data for his own exclusive use and purpose, in that the defendant did not intend to give effect to his avowed purpose to compensate the plaintiff by sharing of the profits to be derived from the publication of the book which the defendant proposed to write. Thus in September, 1956, the defendant promised plaintiff that if the latter desisted and otherwise refrained from writing his proposed book, imparted to the defendant all of plaintiff’s knowledge, data and information and otherwise assisted the defendant, the latter could be safely entrusted to use and exploit such knowledge, data and information and the net proceeds of the sale and the other exploitation of the book to be written by him would be divided between them equally.
Consequently, it is alleged, the defendant should be held to be a trustee for the benefit of the plaintiff with respect to one half of such net earnings. Plaintiff urges that the first cause rests upon a trust implied in law in favor of the plaintiff. The difficulty is that the alleged trust is in relation to the interest of the plaintiff measured by one half of all net earnings and royalties and consequently by the device of alleged trust plaintiff seeks the enforcement of the terms of the unenforcible agreement.
Plaintiff argues that the second cause of action is in tort and based on fraud and deceit. It may well be that a common-law action in fraud and deceit will lie in this situation. The difficulty, however, with its statement here is that plaintiff alleges that one of the representations was to the effect, that the net proceeds of the sale or other exploitation of the book would be divided between the parties equally whereas the defendant intended to deprive the plaintiff of any participation therein. Finally it is alleged that the defendant is and should be held to be a trustee for the benefit of the plaintiff with respect to one half of such net earnings and royalties to the date of trial. Here, too, as in the first cause of action, plaintiff alleges inadequacy of remedy at law. The basic agreement which, by indirection, the plaintiff here seeks to enforce, provides for no contingency for the termination of the defendants’ obligation.
In the third cause of action plaintiff alleges that between September, 1956 and February, 1957, at defendant’s request, he imparted and fully disclosed all of his acquired knowledge, data, information, sources and leads to the defendant and gave him *971 advice in the course of numerous conferences which were exceedingly time-consuming and laborious. The information thus vouchsafed constitutes a valuable property right. Upon the basis thereof plaintiff seeks the recovery of the reasonable value of such knowledge, data, information, sources and leads and of the services rendered by the plaintiff. The objections raised to this cause of action do not seem to pertain to the objection raised by the notice of motion pursuant to subdivision 7 of rule 107 of the Rules of Civil Practice.
In the fourth cause of action plaintiff realleges the material allegations of the first cause of action and further that by reason thereof a partnership at will existed, still exists and has not been terminated.
Again plaintiff insists that defendant should be adjudged a trustee for the benefit of the plaintiff with respect to one half of the royalties and earnings.
The motion is granted dismissing the first, second and fourth causes of action, and it is otherwise denied, with final leave to plaintiff to serve a further amended complaint within 20 days from service of a copy of this order with notice of entry.